IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LASHCON, INC. and FOURELL, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JIM BUTLER, ) <br> ) <br> Defendant. ) | No. 04-3193 |

OPINION

RICHARD MILLS, U.S. District Judge:

We deal here with venue.

This breach of contract action was initially filed in the Circuit Court for the Seventh Judicial Circuit, Scott County, Illinois. On September 1, 2004, Defendant Jim Butler filed a notice of removal of the action to this Court.

On September 3, 2004, United States Magistrate Judge Charles H. Evans conducted a telephone conference with the parties regarding the merits of the notice of removal. Judge Evans instructed the Defendant to

1

file a supplement to his notice of removal by September 17, 2004. The Plaintiffs were directed to file any objections to the Defendant's notice of removal within seven days after the filing of the supplement. No objections were filed to the Defendant's supplement.

## I. ANALYSIS

### A. SUBJECT MATTER JURISDICTION

The Defendant purports to remove this action, pursuant to 28 U.S.C. § 1441, on the basis of diversity of citizenship jurisdiction. In his initial notice of removal, the Defendant did not properly allege the citizenship of all of the parties. Specifically, he alleged only that he is a resident of Indiana. Of course, it is the parties' citizenship, not residency, which determines whether a federal district court has subject matter jurisdiction under 28 U.S.C. § 1332. In paragraph 3 of the supplement to the notice of removal, it appears that the Defendant has erroneously identified himself as a citizen of Illinois. That paragraph lists the Defendant's address as 1346 Flintlock Drive, Greenwood, Illinois. Because the summons, which is attached to the notice of removal, identifies the Defendant as residing at

2

1346 Flintlock Drive, Greenwood, Indiana 46143, the Court is confident that the Defendant merely erred in listing his address in paragraph 3 and that he is, in fact, a citizen of Indiana.[1]

Pursuant to section 1332(c)(1), a corporation is deemed to be a citizen of the State in which it was incorporated and the State in which it has its principal place of business. In the supplement to the notice of removal, the Defendant states that both Plaintiffs are incorporated in Illinois with principal places of business in Illinois.

Based on the foregoing, the Court has determined that there is complete diversity of citizenship between the parties. According to their complaint, the Plaintiffs are seeking damages in the amount of $92,368.67. Because the amount in controversy exceeds $75,000, and the dispute is between citizens of different States, the Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] Presumably, the Plaintiffs would have objected to this Court's subject matter jurisdiction if they had reason to believe that the Defendant is actually a citizen of Illinois.

## B. VENUE

There is also some question regarding whether this Court is the appropriate venue for this action. In the supplement to his notice of removal, the Defendant asks the Court, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), to transfer this action to a court of proper venue if it determines that venue is improper in the Central District of Illinois. The Defendant submits that the Southern District of Indiana or Northern District of Illinois would be appropriate venues.

The relevant venue statute provides in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Because the sole basis of jurisdiction in this case is diversity of citizenship, the Court will examine the above factors to determine if venue is appropriate in the Central District of Illinois. It

appears that Defendant Jim Butler resides in the Southern District of Indiana; therefore, the first factor does not provide a basis for venue in this Court.

Pursuant to section 1391(a)(2), venue may still be appropriate in the Central District of Illinois if a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in this district.  In their complaint filed in the Circuit Court of Scott County, the Plaintiffs state that they are businesses operating in Scott County, and the transactions which are alleged occurred in Scott County.  The Plaintiffs claim that they entered into an oral agreement with the Defendant, wherein they made loans to him for the purpose of developing a sales relationship with the National Collegiate Athletic Association ("NCAA").  The Plaintiffs further claim that the Defendant encouraged them to seek out business from the NCAA and enter into a contractual relationship for a marketing agreement between the NCAA and the Plaintiffs.  Moreover, the Plaintiffs issued numerous checks to the Defendant during 2000 and 2001, which were marked with notations "loan" or "salesperson commission."  The Plaintiffs allege that, pursuant to

the contract, the Defendant at various times made sales on their behalf. However, the Plaintiffs contend that the Defendant has failed and refused to make any payments on the loans.

In the Defendant's initial notice of removal, there are no allegations regarding whether the events giving rise to the claim occurred in this judicial district. The only allegation in the notice that is related to that issue is that the Plaintiffs are doing business in Scott County, Illinois, which is within this judicial district.

The Defendant has included more specific factual allegations in the supplement to the notice of removal. Based on those allegations, it appears that the connection between this case and the Central District is quite weak. The Defendant states that the Plaintiffs' complaint is based on the alleged breach of an oral contractual agreement between the Defendant and the Plaintiffs. The Defendant alleges that the oral agreement was entered into with John Lashmett, d/b/a Regalo, as a result of conversations in the fall of 1999 when the Defendant resided in Kansas City, Missouri, and Mr. Lashmett resided in Chicago, Illinois. The Defendant further states that the

final oral agreement occurred following telephone conversations between the two parties and was finalized during personal meetings in Kansas City.

The Defendant alleges that, pursuant to the agreement, he provided consultation services as well as efforts to sell promotional materials and develop client customers. In the supplement to the notice of removal, the Defendant further states that he and Mr. Lashmett, d/b/a Regalo, "entered into a verbal agreement to make promotional sells through Lee Wayne Corporation, a Delaware corporation, with its principal place of business in Sterling, Woodside County, Illinois."[2] The Defendant alleges that his sales were made pursuant to the verbal agreement entered into by him and Mr. Lashmett with Lee Wayne Corporation. The corporation thereafter sent commission payments to "Regalo," payable to Fourell Corporation (one of the Plaintiffs). The Defendant states that, upon information and belief, Fourell was doing business as Regalo through Mr. Lashmett. The Defendant further alleges that both his earnings as well as materials and merchandise that were sold pursuant to the agreement of the parties were handled

---

[2]Sterling, Illinois is actually in Whiteside County. Whiteside County is in the Northern District of Illinois.

through an oral agreement with Lee Wayne Corporation.

The Defendant alleges that following his move to the Indianapolis, Indiana area in the fall of 1999, his activities pursuant to the oral agreement primarily revolved around obtaining a license and sales opportunities with the NCAA in Indianapolis. He has resided in Indiana at all times during which the agreement between the parties was carried out. The payments received by the Defendant, which form the basis of the complaint filed in Scott County, were checks issued on an account of "Regalo," whose address was 200 E. Randolph Street, Chicago, Illinois 60601. All such payments which form the basis of the suit were checks signed by Mr. Lashmett.

According to the supplement to the notice of removal, the Defendant in March 2001 terminated his relationship with Regalo and the original oral agreement was terminated by and between the parties. The Defendant further alleges that during the course of the oral agreement between the parties, he had no contact with either of the Plaintiffs in Scott County. However, the Defendant did deal on a regular basis by telephone with Mr. Lashmett in Chicago. It was also in Chicago that the Defendant took

possession of a vehicle that was used in his work. Moreover, through discussions with Mr. Lashmett in Chicago, the Defendant obtained health insurance and other benefits that were part of the agreement between the parties.

The Defendant next alleges that all of the payments which form the basis of the underlying lawsuit were issued from Chicago and sent to him at his home in Indiana. The Defendant further states that his efforts under the contract were primarily carried out in Indiana, but involved sales in multiple states for promotional materials. Moreover, the Defendant asserts that the alleged breach of the oral agreement between the parties relates to a claim that after March 2001, he failed to repay monies which the Plaintiffs characterize as "loans" obtained during the period of January 2000 to March 2001. The Defendant denies that this was part of the original agreement between the parties.

It is clear that the Plaintiffs are citizens and residents of the Central District of Illinois. However, it does not appear that many, if any, of the "events or omissions giving rise to the claim" occurred in this judicial

district. Rather, the allegations in the complaint, notice of removal, and supplement to the notice of removal show that most of the significant events occurred in or near Kansas City, Chicago, or Indianapolis.

The Court has concluded that this action should not be transferred to the Southern District of Indiana. To do so would defeat the intent of the removal statute. That statute provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). This rule, sometimes called the "forum defendant rule," means that if a defendant is present in the forum State, the case will typically remain in state court, given that the plaintiff has chosen that forum. See Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 378 (7th Cir. 2000). Because the Defendant is not a citizen of Illinois, section 1441(b) does not specifically apply to this case. However, given that the Plaintiffs chose to file this action in Illinois, the transfer of the case to

10

Indiana would be inconsistent with the intent of the "forum defendant rule." The Court concludes, therefore, that it would be inappropriate to transfer this case to the Southern District of Indiana.

There is no suggestion that the case <u>sub judice</u> should be transferred to the Western District of Missouri. It is clear, therefore, that venue would be most appropriate in this district or in the Northern District of Illinois. It appears that the strongest argument for determining that venue is appropriate in the Central District of Illinois is that it would be convenient for the Plaintiffs and perhaps the attorneys.[3] While the Plaintiffs' complaint asserts that the "transactions alleged occurred in Scott County, Illinois," this appears to be a conclusory allegation which is not supported by the other allegations. In fact, that allegation is contradicted by some of the Defendant's claims in the notice of removal and the supplement thereto. Specifically, the Defendant states that during the course of the parties' oral

---

[3] The attorneys for the Plaintiffs and the Defendant are based in Springfield, Illinois.

agreement, he had no contact with either of the Plaintiffs[4] in Scott County, Illinois, but he did deal with Mr. Lashmett in Chicago, Illinois. Additionally, all of the payments which form the basis of the underlying lawsuit were issued from Chicago. Based on the foregoing, the Court concludes that the Northern District of Illinois is a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). The Central District of Illinois has no such connection.

## II. CONCLUSION

The Court has determined that because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties, this action was properly removed to federal court. However, because it appears that the Central District of Illinois is not "a judicial district in which a substantial part of the events or omissions giving rise to

---

[4]There are few specific allegations concerning the actions of either Plaintiff, except for the claim that they issued checks to the Defendant. However, it appears that most of these checks were sent from Chicago and were issued on an account with a Chicago address.

the claim occurred," the Court concludes that pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), this action should be transferred to a district in which it could have originally been brought. Accordingly, the Court will transfer this action to the Northern District of Illinois.

Ergo, this action is hereby TRANSFERRED to the United States District Court for the Northern District of Illinois for such proceedings as that court may deem appropriate.

ENTER: October 7, 2004

                FOR THE COURT:

                                  s/Richard Mills
                                  United States District Judge